IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LETICIA ANN ANDRADE, | ) | 1:10-CV-2148 AWI DLB |
| | ) | |
| | ) | ORDER ON FINDINGS |
| | ) | AND RECOMMENDATION |
| Plaintiff, | ) | |
| | ) | (Document 21) |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

    On November 16, 2010, Plaintiff filed the present action for judicial review of the denial of Social Security benefits.

    On October 4, 2011, the Magistrate Judge issued Findings and Recommendation that Plaintiff's appeal be DENIED and that JUDGMENT be entered in favor of Defendant Michael J. Astrue. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days. On November 3, 2011, Plaintiff filed objections. Defendant filed a response on November 17, 2011.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(c), this Court has conducted a *de novo* review of the case. Plaintiff objects in part that the ALJ did not adequately address her subjective complaints regarding IBS.

1

*Relevant Testimony*

Plaintiff testified that she has IBS attacks at least twice per month, the attacks can last four days total (2 days per attack), the attacks require bathroom breaks of 30 minutes once per hour for 6 hours.  See TR 44-45, 49-50.

The Vocational Expert indicated that, if a person had the IBS symptoms that Plaintiff described, and the person also had what basically amounts to the residual functional capacity that the ALJ assigned to Plaintiff, then there would be no work for such a person because the absences would not be tolerated.  See TR at 61; see also TR at 16, 21.

Additionally, treating physician Dr. Davidson (whose opinions the ALJ discounted) and examining physician Dr. Hernandez (whose opinions the ALJ generally credited) both diagnosed Plaintiff with IBS.  See TR at 321, 418.

*Legal Standard*

The Court "must affirm the Commissioner's final decision to deny benefits if the decision is supported by substantial evidence and applies correct legal standards." Turner v. Commissioner of Social Sec., 613 F.3d 1217, 1222 n.2 (9th Cir. 2010).  "'Substantial evidence' means 'more than a mere scintilla,' but 'less than a preponderance.'  It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Valentine v. Commissioner of SSA, 574 F.2d 685, 690 (9th Cir. 2009).  In determining whether substantial evidence supports the decision, the Court reviews the record as a whole and considers adverse as well as supporting evidence.  Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986).  "If the evidence can reasonably support either affirming or reversing the Commissioner's decision, we will not substitute our judgment for that of the Commissioner." Frost v. Barnhart, 314 F.3d 359, 367 (9th Cir. 2002).

With respect to evaluating a claimant's subjective testimony about the severity of pain or the severity of an impairment, the Ninth Circuit has explained the steps that an ALJ is to follow:

> The ALJ conducts a two-step analysis to assess subjective testimony where, under step one, the claimant "must produce objective medical evidence of an underlying impairment" or impairments that could reasonably be expected to produce some degree of symptom.  If the claimant meets this threshold and there is no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."  The ALJ may consider many factors in weighing a claimant's credibility,

including "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities."  If the ALJ's finding is supported by substantial evidence, the court "may not engage in second-guessing."

Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).

*Discussion*

The Court agrees with Plaintiff that her testimony regarding the severity of her IBS attacks is critical evidence.  This is because the VE opined that, when the nature of Plaintiff's IBS attacks were added to the relevant residual functional capacity, no work would be available for such a person.  In essence, given the other findings made by the ALJ, if Plaintiff's IBS testimony was credited, then Plaintiff would be disabled and entitled to benefits.

In terms of the relevant credibility assessment, as indicated above, two physicians have diagnosed Plaintiff with IBS.  Thus, there is evidence that Plaintiff suffers from IBS.  The ALJ did identify and repeat Plaintiff's testimony regarding the nature of her IBS attacks.  However, the ALJ did not expressly explain why that testimony was not credible.  That is, the ALJ did not adequately provide reasons for discounting Plaintiff's testimony about her IBS.  In discounting other aspects of Plaintiff's testimony, the ALJ relied on Plaintiff's daily activities, an absence of objective medical findings and tests, and a conservative course of treatment.  However, this rationale dealt primarily with Plaintiff's complaints of pain, mental disorders, and obesity.  See TR at 17-20.  Considering the nature of the IBS attacks, it is not clear to the Court that the same general rationale for discounting Plaintiff's testimony would also apply to the IBS attacks.  Further, the ALJ did not make any findings regarding malingering.  Given the absence of malingering findings, the nature and impact of Plaintiff's IBS attacks, and the importance of that testimony in light of the VE's testimony, the ALJ erred by not specifically discussing why Plaintiff's IBS testimony was not credible.

Under the circumstances, the Court respectfully disagrees with the F&R on this issue.  The ALJ did not sufficiently evaluate Plaintiff's testimony regarding the severity of her IBS.  As such, the Court cannot find substantial evidence to support any findings by the ALJ about the extent of

Plaintiff's IBS symptoms.[1] While the Court agrees with and will adopt the remainder of the analysis in the F&R, the Court believes that it is appropriate to remand this matter to the ALJ for further proceedings that are consistent with this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court ADOPTS in part, and DECLINES TO ADOPT in part, the Findings and Recommendations dated October 4, 2011, as described above;
2. Plaintiff's appeal is GRANTED;
3. This action is REMANDED FOR FURTHER PROCEEDINGS consistent with this order; and
4. The Clerk shall enter judgment in favor of Plaintiff and against Defendant.

IT IS SO ORDERED.

Dated:     March 29, 2012
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] In a response to Plaintiff's objections to the F&R, Defendant points out some conflicts in the records that would be relevant to Plaintiff's IBS symptoms. The Court agrees that there are some inconsistencies. However, those inconsistencies were not mentioned by the ALJ with respect to the Plaintiff's IBS attacks/symptoms. As such, that rationale cannot be used to uphold the ALJ's determinations. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).