1
2
3
4
5
6
7
8                     **UNITED STATES DISTRICT COURT**
9                      **EASTERN DISTRICT OF CALIFORNIA**
10

| LETICIA ANN ANDRADE, | ) Case No.: 1:10-cv-2148-AWI- JLT |
|---|---|
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS GRANTING COUNSEL'S MOTION FOR |
| v. | ) ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| COMISSIONER OF SOCIAL SECURITY, | ) (Doc. 32, 36) |
| Defendant. | ) |

Sengthiene Bosavanh, counsel for Leticia Ann Andrade, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) following an award of benefits to Plaintiff. (Docs. 32, 36) Neither Plaintiff nor Defendant filed a response to the motion. For the following reasons, the Court recommends counsel's motion for attorney fees be **GRANTED**.

**I.     Relevant Background**

Plaintiff entered into a contingent fee agreement with the attorneys employed at the Law Offices of Jeffrey Milam, including Ms. Bosavanh, on November 15, 2010. (Doc. 32-1 at 1) In relevant part, the agreement provided that if the federal court litigation resulted in past-due benefits paid to Plaintiff, her attorney would receive "**25 (twenty-five) percent** of the past-due benefits resulting from [her] claim or claims." (*Id.*, emphasis in original)

In November 2010, Plaintiff filed a complaint for review of the administrative decision denying her Social Security benefits. (Doc. 1) The Court determined the administrative law judge

1

erred in the evaluating the credibility of Plaintiff's subjective complaints. (Doc. 24 at 3-4) Therefore, the Court remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and judgment was entered in favor of Plaintiff. (Doc. 24 at 4; Doc. 25)

Following the remand, Plaintiff received a favorable decision. (*See* Doc. 32-3) The Commissioner determined Plaintiff was "entitled to monthly disability benefits from Social Security beginning in July 2006," which totaled $102,960.00. (*Id.* at 1, 5) From this amount, the Commissioner withheld twenty-five percent for payment of Plaintiff's attorney fees. (*Id.* at 5)

**II.     Attorney Fees under § 406(b)**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). A contingency fee agreement is unenforceable if it provides for fees exceeding twenty-five percent of past-due benefits. *Id.* at 807.

**III.    Discussion and Analysis**

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

In this case, Plaintiff entered into the contingent fee agreement in which she agreed to pay twenty-five percent of any awarded retroactive benefits. Ms. Bosavanh accepted the risk of loss in the

representation while representing Plaintiff before the District Court, and expended 55.5 hours on tasks related to the action before the District Court. As a result of counsel's work before the Court and the agency, the matter was remanded for further proceedings before an administrative law judge, who issued a fully favorable decision and awarded Plaintiff benefits. For this, Ms. Bosavanh "requests a fee of $25,740.00 under the contingency fee contract." (Doc. 36 at 3)

Significantly, there is no indication Ms. Bosavanh performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. To the contrary, Ms. Bosavanh actively advocated on behalf of her client and was able to secure a remand for further proceedings, after which Plaintiff was awarded benefits. In addition, there is no evidence that counsel engaged in abusive dilatory conduct that would increase the fees significantly, as she requested only a single extension of time, which was permitted under the terms of the Court's Scheduling Order. (*See* Doc. 7 at 4; Doc. 15) The fees are not "excessively large in relation to the benefits received," but rather equal the amount permitted by statute. *See Crawford*, 586 F.3d at 1149; 42 U.S.C. § 406(b)(1)(A). Finally, although served with the motion and informed of the right to oppose the fee request (*see* Doc. 36 at 2), Plaintiff did not file an opposition and thereby indicates her belief that the fee request is reasonable.

## **IV.** **Findings and Recommendations**

The Court finds the fees sought by Ms. Bosavanh are reasonable in light of the time expended and results achieved. Moreover, the amount requested does not exceed the twenty-five percent maximum permitted under 42 U.S.C. §406(b). Based upon the foregoing, the Court **RECOMMENDS**:

1. The motion for attorney fees pursuant to 24 U.S.C. §406(b) be **GRANTED** in the amount of $**25,740.00**; and
2. The Commissioner shall pay the amount directly to Counsel, Sengthiene Bosavanh with Milam Law, Inc.

IT IS SO ORDERED.

Dated: **April 30, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

3